**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CALVIN CHOICE, on behalf of himself** | ) | |
| **and all others similarly situated,** | ) | |
| | ) | |
| **PLAINTIFF** | ) | **Case No.  1:19-cv-05773** |
| **v.** | ) | |
| | ) | **Honorable Sharon Johnson Coleman** |
| **UNIFUND CCR, LLC, and KOHN,** | ) | |
| **LAW FIRM S.C.,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

Defendant Unifund CCR, LLC ("Unifund") answers the Complaint of Plaintiff Calvin J. Choice ( "Plaintiff") as follows. All allegations not specifically admitted are denied.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to §1692k(d) of the FDCPA and 28 U.S.C. §1331.

**ANSWER**:    Unifund does not contest personal jurisdiction for purposes of this action only.  Unifund denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

**ANSWER**:    Unifund does not contest venue for purposes of this action only.  Unifund denies the remaining allegations contained in Paragraph 2 of the Complaint.

**STANDING**

3. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

**ANSWER**:    Unifund denies the allegations contained in Paragraph 3 of the Complaint.

4.    Specifically, Plaintiff has suffered a harm from receiving false, misleading, and deceptive communications from Defendants while they were attempting to collect a debt.

**ANSWER**:    Unifund denies the allegations contained in Paragraph 4 of the Complaint.

5.    Plaintiff has thus suffered an injury as a result of Defendants' conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

**ANSWER**:    Unifund denies the allegations contained in Paragraph 5 of the Complaint.

## PARTIES

6.    Plaintiff, Calvin J. Choice ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect an alleged delinquent consumer debt purported to be owed for a defaulted Citibank, N.A. consumer credit account ("alleged debt").

**ANSWER**:    Insofar as Paragraph 6 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund admits that Plaintiff owes a debt on a credit card account that he opened with Citibank, N.A.  Unifund is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6, and therefore denies these allegations.

7.    The alleged debt arose from transactions relating to personal and household use.

**ANSWER**:    Insofar as Paragraph 7 calls for a legal conclusion, it requires no answer.

To the extent an answer is required, Unifund is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and therefore denies these allegations.

8. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

**ANSWER**: Insofar as Paragraph 8 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and therefore denies these allegations.

9. Defendant Unifund CCR, LLC ("Unifund"), is an Ohio limited liability company that operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

**ANSWER**: Unifund admits that it is an Ohio limited liability company. Unifund denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Unifund is authorized to conduct business in Illinois and maintains a registered agent at Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703. (Exhibit A, Record from the Illinois Secretary of State).

**ANSWER**: Unifund admits the allegations contained in Paragraph 10 of the Complaint.

11. Unifund is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts.

**ANSWER**: Unifund admits that it has collected distressed consumer receivables. Unifund denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.    Unifund's primary business is the purchase, collection and management of portfolios of nonperforming loans that have been charged-off by the credit grantor.

**ANSWER**:   Unifund admits that it has collected distressed consumer receivables. Unifund denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.    Unifund maintains a website, www.unifund.com, wherein at the time of filing of this lawsuit, it states therein in part as follows:

> **Since 1986 Unifund CCR Partners has been a leading manager and purchaser of distressed consumer receivables, a key component in the financial services industry and recovery for the economy. Unifund specializes in managing, servicing, purchasing and liquidation of nonperforming judgments and defaulted consumer portfolios from major banks, creditors, originators, financial institutions, and owners of distressed receivables.**

Exhibit B, Unifund Website, available at http://www.unifund.com/ (last viewed August 27, 2019).

**ANSWER**:   Unifund admits that it maintains a website with an address of www.unifund.com.  Unifund further states that the website contains written content.  Unifund denies any characterization of the content because it speaks for itself.  Unifund denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.    Unifund maintains a website, www.unifund.com, wherein at the time of filing of this lawsuit, it also states therein in part as follows:

> **Unifund Unifund has been a pioneering company in the service of consumer debt. In the more than 25 years since our founding, we have been helping consumers by lowering the cost of credit, resolving accounts at a discount when appropriate, and treating all consumers with respect they** deserve during **this challenging process.**

Exhibit B, Unifund Website, available at http://www.unifund.com/ (last viewed August 27, 2019).

**ANSWER**:   Unifund admits that it maintains a website with an address of

www.unifund.com.  Unifund further states that the website contains written content.  Unifund denies any characterization of the content because it speaks for itself.  Unifund denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.    Unifund specializes in acquiring and liquidating non-performing judgments and defaulted consumer debts, resolving accounts at a discount where appropriate. (Ex. B, Website).

**ANSWER**: Unifund admits that it maintains a website with an address of www.unifund.com.  Unifund further states that the website contains written content.  Unifund denies any characterization of the content because it speaks for itself.  Unifund denies the remaining allegations contained in Paragraph 15 of the Complaint.

16.    The principal purpose of Unifund's business is the collection of consumer debts, and it does not receive any significant revenue from other operations.

**ANSWER**:  Unifund admits that it has collected distressed consumer receivables. Unifund denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.    Unifund is licensed as a collection agency in the State of Illinois.

**ANSWER**:  Unifund admits the allegations contained in Paragraph 17 of the Complaint.

18.    Unifund is a debt collector as that term is defined at § 1692a of the FDCPA.

**ANSWER**:  Insofar as Paragraph 18 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund admits it is a debt collector for purposes of this action only.

19.    Defendant Kohn Law Firm S.C. ("Kohn") is a Wisconsin service corporation and collection law firm with its principal place of business at 735 N. Water Street, Suite 1300, Milwaukee, WI 53202 and maintains a registered agent at the same address, care of Robert

Potrzebowski Jr. (Exhibit D, Record from Wisconsin Secretary of State).

**ANSWER**:    Insofar as Paragraph 19 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund admits that Defendant Kohn Law Firm S.C. ("Kohn") is a law firm with an office in Wisconsin.  Unifund is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19, which are not directed at Unifund, and therefore denies these allegations.

20.    Kohn is engaged in the business of a collection agency, using the mails and telephone to collect defaulted consumer debts originally owed to others.

**ANSWER**:    Insofar as Paragraph 20 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund admits it has retained Kohn to collect distressed consumer receivables.  Unifund is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20, which are not directed at Unifund, and therefore denies these allegations.

21.    Kohn regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a debt collector as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

**ANSWER**:    Insofar as Paragraph 21 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund admits it has retained Kohn to collect distressed consumer receivables.  Unifund is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21, which are not directed at Unifund, and therefore denies these allegations.

22.    Kohn maintains a website, www.kohnlaw.com, wherein at the time of filing of tis [sic] lawsuit, it states therein in part as follows:

**About Us**

**Founded in 1960 by Robert W. Kohn, the Kohn Law Firm S.C. is an award-winning and nationally recognized debt collection law firm that concentrates its practice primarily on credit card, municipal, medical and various other types of consumer debt, as well as repossession actions and insurance subrogation claims. The firm covers the entire state of Wisconsin for its clients, which consist primarily of large national credit issuers and debt buyers, but also include local municipalities and other retail businesses and service providers.**

Exhibit C, Kohn Website, available at http://www.kohnlaw.com/AboutUS.aspx (last viewed August 27, 2019).

**ANSWER**:    Unifund is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, which are not directed at Unifund, and therefore denies these allegations.

## FACTUAL ALLEGATIONS

23.    Plaintiff incurred an alleged debt for goods, services, and merchandise originally for a Citibank, N.A. ("Citibank") consumer credit account ("alleged debt").

**ANSWER**:    Insofar as Paragraph 23 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund admits that Plaintiff owes a debt on a credit card account that he opened with Citibank, N.A.  Unifund is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23, and therefore denies these allegations.

24.    The alleged debt arose from funds used for personal purposes and is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

**ANSWER**:    Insofar as Paragraph 24 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and therefore denies

these allegations.

25.    Due to his financial circumstances, Plaintiff could not pay the alleged debt sought from him, and the alleged debt went into default.

**ANSWER**:    Unifund admits that Plaintiff failed to pay the debt and it went into default. Unifund is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25, and therefore denies these allegations.

26.    Unifund claims to have purchased the alleged debt after default.

**ANSWER**:    Unifund admits that it purchased Plaintiff's debt after it went into default. Unifund denies the remaining allegations contained in Paragraph 26 of the Complaint.

27.    Unifund thereafter hired Kohn to collect the alleged debt.

**ANSWER**:    Unifund admits that it retained Kohn to collect Plaintiff's debt.  Unifund denies the remaining allegations contained in Paragraph 27 of the Complaint.

28.    Kohn, on behalf of Unifund, thereafter filed a lawsuit against Plaintiff on July 11, 2019, in the Circuit Court of Cook County, Illinois ("State Action"), styled Unifund CCR LLC v. Calvin J Choice, Case No. 2019-M1-111728. (Exhibit E, State Complaint).

**ANSWER**:    Unifund admits that Kohn, on behalf of Unifund, filed a Complaint against Plaintiff in the Circuit Court of Cook County, Illinois, styled *Unifund CCR, LLC v. Calvin J. Choice*, Case No. 20191111728 (the "State Action").  Unifund further states that the Complaint is a written document.  Unifund denies any characterization of the Complaint because it speaks for itself.  Unifund denies the remaining allegations contained in Paragraph 28 of the Complaint.

29.    Defendants served the complaint ("State Complaint") filed in the State Action on Plaintiff at his home shortly thereafter.

**ANSWER**:    Unifund admits that Kohn served Plaintiff on July 24, 2019.  Unifund

8

denies the remaining allegations contained in Paragraph 29 of the Complaint.

30.     The State Complaint conveyed information regarding the alleged debt to Plaintiff, including the identity of the original creditor and a balance on the alleged debt.

**ANSWER**:     Unifund admits that, through Kohn, it filed a Complaint against Plaintiff in the State Action.  Unifund further states that the Complaint is a written document.  Unifund denies any characterization of the Complaint because it speaks for itself.  Unifund denies the remaining allegations contained in Paragraph 30 of the Complaint.

31.     The State Complaint was thus a "communication" as that term is defined at 15 U.S.C. § 1692(a) of the FDCPA.

**ANSWER**:     Insofar as Paragraph 31 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund denies the allegations contained in Paragraph 31 of the Complaint.

32.     In the State Complaint, Defendants pray for the following:

Wherefore, the plaintiff demands judgment against the defendant in the amount of $3,098.44 **as well as the costs and disbursements of this action, statutory attorney fees** and any other relief this court deems just and equitable.

(Ex. E, State Complaint) (emphasis added)

**ANSWER**:     Unifund admits that, through Kohn, it filed a Complaint against Plaintiff in the State Action.  Unifund further states that the Complaint is a written document.  Unifund denies any characterization of the Complaint because it speaks for itself.  Unifund denies the remaining allegations contained in Paragraph 32 of the Complaint.

33.     Unifund sought costs and attorneys' fees from Plaintiff in the State Action.

**ANSWER**:     Unifund admits that, through Kohn, it filed a Complaint against Plaintiff in the State Action.  Unifund further states that the Complaint is a written document.  Unifund

denies any characterization of the Complaint because it speaks for itself. Unifund denies the remaining allegations contained in Paragraph 33 of the Complaint.

34.     Specifically, Unifund sought "statutory attorney fees" from Plaintiff.

**ANSWER**:     admits that, through Kohn, it filed a Complaint against Plaintiff in the State Action. Unifund further states that the Complaint is a written document. Unifund denies any characterization of the Complaint because it speaks for itself. Unifund denies the remaining allegations contained in Paragraph 34 of the Complaint.

35.     In truth and in fact, Defendants were not entitled to "statutory attorney fees", as no applicable statute allows the recovery of such attorney fees from Plaintiff.

**ANSWER**:     Insofar as Paragraph 35 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund denies the allegations contained in Paragraph 35 of the Complaint.

36.     Kohn verified the State Court Complaint pursuant to Section 1-109 of the Illinois Code of Civil Procedure. (Ex. E, State Complaint).

**ANSWER**:     Insofar as Paragraph 36 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund admits that Kohn signed the Verification on the Complaint in the State Action. Unifund denies the allegations contained in Paragraph 36 of the Complaint.

37.     Attached to the State Complaint was an affidavit ("Affidavit") executed by Bobbie Johnson. (Ex. E, State Complaint).

**ANSWER**:     Unifund admits the allegations contained in Paragraph 37 of the Complaint.

38.     According to the Affidavit, Mr. Johnson is a designated agent of Unifund. (Ex. E,

State Court Affidavit).

**ANSWER**:     Unifund admits that an affidavit was attached to the Complaint in the State Action.  Unifund further states that the affidavit is a written document.  Unifund denies any characterization of the affidavit because it speaks for itself.  Unifund denies the remaining allegations contained in Paragraph 38 of the Complaint.

39.     At all times relevant to this Complaint, Unifund authorized, directed, approved of and ratified Mr. Johnson's actions taken toward Plaintiff during the course of its attempts to collect the alleged debt therefrom.

**ANSWER**:     Insofar as Paragraph 39 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund denies the allegations contained in Paragraph 39 of the Complaint.

40.     The Affidavit is a form affidavit created by Defendant(s) pursuant to Illinois Supreme Court Rule 280.2.

**ANSWER**:     Insofar as Paragraph 40 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund denies the allegations contained in Paragraph 40 of the Complaint.

41.     Paragraph 3 of the Affidavit concerned whether or not the affiant is collecting additional amounts after the charge-off date.

**ANSWER**:     Unifund admits that an affidavit was attached to the Complaint in the State Action.  Unifund further states that the affidavit is a written document.  Unifund denies any characterization of the affidavit because it speaks for itself.  Unifund denies the remaining allegations contained in Paragraph 41 of the Complaint.

42.     Unifund and Kohn indicated, in the Affidavit, that it is not seeking additional amounts after the charge-off date:

3. ADDITIONAL ACCOUNT INFORMATION AFTER CHARGE-OFF

 Plaintiff is seeking additional amounts after the charge-off date:

 **[X] No**

 [ ] Yes

   [ ] Total amount of interest accrued: $_____;
   [ ] Total amount of non-interest charges or fee accrued $_____;
   [ ] Plaintiff is seeking attorney's fees in the amount of $_____;

(Ex. E, State Court Affidavit) (emphasis added).

**ANSWER**:     Unifund admits that an affidavit was attached to the Complaint in the State Action.  Unifund further states that the affidavit is a written document.  Unifund denies any characterization of the affidavit because it speaks for itself.  Unifund denies the remaining allegations contained in Paragraph 42 of the Complaint.

43.     Court costs and attorneys' fees would be considered "additional amounts" by any reasonable construction of the relevant section of the Affidavit.

**ANSWER**:     Insofar as Paragraph 43 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund denies the allegations contained in Paragraph 43 of the Complaint.

44.     In fact, the Affidavit even contained a specific paragraph to indicate whether attorney's fees were being sought, and in what amount.

**ANSWER**:     Unifund admits that an affidavit was attached to the Complaint in the State Action.  Unifund further states that the affidavit is a written document.  Unifund denies any characterization of the affidavit because it speaks for itself.  Unifund denies the remaining

12

allegations contained in Paragraph 44 of the Complaint.

45.     However, Defendants marked "No" when indicating whether any such additional amounts were being sought and left the attorneys' fees portion blank.

**ANSWER**:     Unifund admits that an affidavit was attached to the Complaint in the State Action.  Unifund further states that the affidavit is a written document.  Unifund denies any characterization of the affidavit because it speaks for itself.  Unifund denies the remaining allegations contained in Paragraph 45 of the Complaint.

46.     Either the verified State Complaint filed by Defendants, which states that Defendants are seeking additional amounts from Plaintiff, or the Affidavit attached to the State Complaint, which states Defendants are not seeking additional amounts, is false. Defendants cannot both seek, and not seek, court costs and attorneys' fees from Plaintiff in the same lawsuit.

**ANSWER**:     Unifund denies the allegations contained in Paragraph 46 of the Complaint.

47.     Both statements are verified pursuant to the Illinois Code of Civil Procedure even though one is false.

**ANSWER**:     Unifund denies the allegations contained in Paragraph 47 of the Complaint.

48.     The use of false statements in connection with the collection of a debt is prohibited by the FDCPA.

**ANSWER**:     Insofar as Paragraph 48 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund denies the allegations contained in Paragraph 48 of the Complaint.

49.     15 U.S.C. § 1692e of the FDCPA provides as follows:

13

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation off—**

     **(A) The character, amount, or legal status of any debt**

**. . . (5) The threat to take any action that cannot legally be taken. . .**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

**ANSWER**:    Insofar as Paragraph 49 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund states that the FDCPA is a written statute. Unifund denies any characterization of the statute because it speaks for itself. Unifund denies the remaining allegations contained in Paragraph 49 of the Complaint.

50.    Defendants used false, misleading, and deceptive means to attempt to collect a debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and §§1692e(10), when they sought court costs and attorneys' fees in a state court collection action while swearing under oath that no additional amounts after charge-off were being sought.

**ANSWER**:    Unifund denies the allegations contained in Paragraph 50 of the Complaint.

51.    Defendants used false, misleading, and deceptive means to attempt to collect a debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5) and §§1692e(10), when they sought to collect "statutory attorney fees", as such fees cannot legally be recovered from Plaintiff by Defendants.

**ANSWER**:    Unifund denies the allegations contained in Paragraph 51 of the

Complaint.

52.     Plaintiff and the unsophisticated consumer would not understand whether Unifund was seeking additional amounts after charge-off, as indicated in its Complaint verified by Kohn, or not seeking additional amounts after charge-off, as indicated in its affidavit verified by Unifund.

**ANSWER**:     Unifund denies the allegations contained in Paragraph 52 of the Complaint.

53.     Plaintiff and the unsophisticated consumer would not be aware that "statutory attorney fees" could not legally be recovered by Defendants.

**ANSWER**:     Unifund denies the allegations contained in Paragraph 53 of the Complaint.

54.     Defendants could have easily avoided violating the FDCPA by selecting "YES" when indicating whether or not Unifund would be seeking additional amounts after charge-off, instead of falsely representing that Unifund was not collecting additional amounts after chargeoff.

**ANSWER**:     Unifund denies the allegations contained in Paragraph 54 of the Complaint.

55.     15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

**ANSWER**:    Insofar as Paragraph 55 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund states that the FDCPA is a written statute. Unifund denies any characterization of the statute because it speaks for itself. Unifund denies the remaining allegations contained in Paragraph 55 of the Complaint.

56.    Defendants engaged in an unfair practice, in violation of 15 U.S.C. § 1692f when they served a state court complaint to Plaintiff that indicated both that they were, and that they were not, seeking additional amounts after the charge-off date of an alleged debt.

**ANSWER**:    Unifund denies the allegations contained in Paragraph 56 of the Complaint.

57.    Defendants attempted to collect an amount of money that was not authorized by law when they sought to collect "statutory attorney fees" from Plaintiff, in violation of 15 U.S.C. § 1692f(1).

**ANSWER**:    Unifund denies the allegations contained in Paragraph 57 of the Complaint.

58.    Violations of the FDCPA which would influence a consumer's decision to pay a debt in response to a dunning letter, are material. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (*citing Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 628 (7th Cir. 2009)). Here, Defendants' conflicting information given to a consumer regarding its intention to seek additional amounts after the charge-off date of an alleged debt would prevent a consumer from knowing how much is owed on an alleged debt or what additional exposure she faces were she to proceed with a lawsuit.

**ANSWER**:    Unifund denies the allegations contained in Paragraph 58 of the Complaint.

59.    An unsophisticated consumer could be induced to pay a debt that he normally would wish to dispute, as a result of the threat of "statutory attorney fees" being imposed.

**ANSWER**:    Unifund denies the allegations contained in Paragraph 59 of the Complaint.

60.    Plaintiff became concerned and worried as the result of the reference to "statutory attorney fees" being sought in the State Complaint, and believed that "the price of poker has gone up" as a result of Defendants' attempts to collect the same from him; an unsophisticated consumer would similarly be affected by the reference.

**ANSWER**:    Unifund denies the allegations contained in Paragraph 60 of the Complaint.

61.    Plaintiff read the State Complaint and was confused regarding the amount of money that was being sought from him, and he hired an attorney to help him ascertain the amount of the alleged debt owed, whether attorney fees could be imposed, and in what amount.

**ANSWER**:    Unifund denies the allegations contained in Paragraph 61 of the Complaint.

62.    The FDCPA requires precise calculation of the exact amount of an alleged debt, "and for good reason: the debt collector legally may collect (or attempt to collect) only the amount actually owed by the debtor…" *See Bernstein v. Howe*, No. IP o2-192-C-K/H, 2003 WL 1702254, at *4 (S.D. Ind. Mar. 31, 2003) (finding an FDCPA violation where a debt collector failed to identify the amount of interest owed on an alleged debt).

**ANSWER**:    Insofar as Paragraph 62 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund states that the FDCPA is a written statute.  Unifund denies any characterization of the statute because it speaks for itself.  Unifund denies the

remaining allegations contained in Paragraph 62 of the Complaint.

63.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER**:    Insofar as Paragraph 63 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund states that the cited case is a written document. Unifund denies any characterization of the document because it speaks for itself.  Unifund denies the remaining allegations contained in Paragraph 63 of the Complaint.

64.     The FDCPA applies to conduct in state-court litigation, including in state-court pleadings. *Marquez v. Weinstein, Pinson, & Riley, P.S.*, 836 F.3d 808, 812 (7th Cir. 2016).

**ANSWER**:    Insofar as Paragraph 64 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund states that the cited case is a written document. Unifund denies any characterization of the document because it speaks for itself.  Unifund denies the remaining allegations contained in Paragraph 64 of the Complaint.

## CLASS ALLEGATIONS

## CLASS COUNT I

65.     Plaintiff, Calvin J. Choice, brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendants attempted to collect a debt (3) by filing and serving a complaint in an Illinois Circuit Court (4) which includes a Rule 280.2 affidavit (5) where the box labeled "[p]laintiff is seeking additional amounts after the charge-off date" (6) is checked "[No]" (7) although Unifund seeks "...costs and disbursements of this action, statutory attorney fees..." in its prayer for relief (8) where said

complaint was filed during the time period that begins one year prior to the filing of this Complaint, and ends on August 27, 2019.

**ANSWER**:    Unifund admits that Plaintiff purports to bring an action on behalf of himself and a class of consumers.  Unifund specifically denies that the Complaint sets forth any such action against it.  Unifund further specifically denies that any class exists or that any class should be certified.  Unifund denies the remaining allegations contained in Paragraph 65 of the Complaint.

66.    As the complaint at issue attached within Exhibit E contains a form affidavit, the Class likely consists of more than 40 persons from whom Defendants attempted to collect a debt in the manner described.

**ANSWER**:    Insofar as Paragraph 66 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund denies the allegations contained in Paragraph 66 of the Complaint.

67.    Plaintiff 's claims are typical of the claims of the Class. Common questions of law or raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**ANSWER**:    Insofar as Paragraph 67 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund denies the allegations contained in Paragraph 67 of the Complaint.

68.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the

Class and would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

**ANSWER**:    Insofar as Paragraph 68 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund denies the allegations contained in Paragraph 68 of the Complaint.

69.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

**ANSWER**:    Insofar as Paragraph 69 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund denies the allegations contained in Paragraph 69 of the Complaint.

WHEREFORE, Defendant Unifund CCR, LLC respectfully requests that this Court find in favor of Unifund CCR, LLC and against Plaintiff.

## CLASS COUNT II

70.    Plaintiff, Calvin J. Choice, brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendants attempted to collect a debt (3) by filing and serving a complaint in an Illinois Circuit Court (4) which references and seeks "statutory attorney fees" (5) where said complaint was filed during the time period that begins one year prior to the filing of this Complaint, and ends on August 27, 2019.

**ANSWER**:  Unifund admits that Plaintiff purports to bring an action on behalf of himself and a class of consumers.  Unifund specifically denies that the Complaint sets forth any such action against it.  Unifund further specifically denies that any class exists or that any class should be certified.  Unifund denies the remaining allegations contained in Paragraph 70 of the Complaint.

71.    As the allegedly violative language at issue is contained in a form complaint, attached within Exhibit E, the Class likely consists of more than 40 persons from whom Defendants attempted to collect a debt in the manner described.

**ANSWER**:    Insofar as Paragraph 71 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund denies the allegations contained in Paragraph 71 of the Complaint.

72.    Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**ANSWER**:    Insofar as Paragraph 72 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund denies the allegations contained in Paragraph 72 of the Complaint.

73.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class and would, as a practical matter, either be dispositive of the interests of other members of

the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

**ANSWER**: Insofar as Paragraph 73 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund denies the allegations contained in Paragraph 73 of the Complaint.

74. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

**ANSWER**: Insofar as Paragraph 74 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund denies the allegations contained in Paragraph 74 of the Complaint.

WHEREFORE, Defendant Unifund CCR, LLC respectfully requests that this Court find in favor of Unifund CCR, LLC and against Plaintiff.

**FAIR DEBT COLLECTION PRACTICES ACT**

75. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

**ANSWER**: Unifund repeats each answer to the preceding Paragraphs as though fully rewritten herein.

76. Defendants used false, misleading, and deceptive means to attempt to collect a debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and §§1692e(10), when they sought court costs and attorneys' fees in a state court collection action while swearing under oath that no

additional amounts after charge-off were being sought.

**ANSWER**: Unifund denies the allegations contained in Paragraph 76 of the Complaint.

77. Defendants used false, misleading, and deceptive means to attempt to collect a debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5) and §§1692e(10), when they sought "statutory attorney fees" in a state court collection action, when such fees were legally unavailable.

**ANSWER**: Unifund denies the allegations contained in Paragraph 77 of the Complaint.

78. Defendants engaged in an unfair practice, in violation of 15 U.S.C. § 1692f when they filed and served a state court complaint on Plaintiff that indicated both that they were, and they were not, seeking additional amounts after the charge-off date of the alleged debt.

**ANSWER**: Unifund denies the allegations contained in Paragraph 78 of the Complaint.

79. Defendants attempted to collect an amount of money that was not authorized by law when they sought to collect "statutory attorney fees" from Plaintiff, in violation of 15 U.S.C. § 1692f(1).

**ANSWER**: Unifund denies the allegations contained in Paragraph 79 of the Complaint.

WHEREFORE, Defendant Unifund CCR, LLC respectfully requests that this Court find in favor of Unifund CCR, LLC and against Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

The Complaint may be barred by the equitable defenses of laches, and/or equitable estoppel.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the acts and/or omissions of third parties for whose conduct Unifund is not responsible.

## THIRD AFFIRMATIVEDEFENSE

Plaintiff's claims are barred or limited to the extent he has not mitigated his actual damages (if any) asserted in addition to any statutory damage under the FDCPA.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff and/or purported class members may have waived any and all claims Plaintiff and/or purported class members may have had against Unifund.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of purported class members may be subject to set-off against monies owed Unifund by Plaintiff and/or purported class members.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of purported class members may be barred by the doctrine of *res judicata* and/or collateral estoppel and/or the Rooker-Feldman doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

Unifund seeks all fees, expenses, costs, and any legally recoverable damages from Plaintiff that may be available under the FDCPA, including but not limited to fees under 15 U.S.C. § 1692k(a) as the prevailing party on an unsuccessful pleading, motion, or other paper filed in bad faith or for purposes of harassment.

### EIGHTH AFFIRMATIVE DEFENSE

Unifund specifically invokes any and all applicable caps or other limits on damages, whether as to Plaintiff individually or as to any purported class.

### NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff or any putative class member has filed for bankruptcy protection, Plaintiff's claims and the claims of any putative class member are barred by the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, and release. Moreover, as a result of any such prior proceedings, Plaintiff or any putative class member is not the real party in interest to bring the present claims and lacks standing to pursue the claims.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he failed to state an injury-in-fact sufficient to confer Article III standing, and the Court lacks subject matter jurisdiction over his claims. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1542, 194 L. Ed. 2d 635, 635 (May 16, 2016).

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent the claims of Plaintiff and/or any putative class member fall within the scope of a valid and enforceable agreement to arbitrate, such claims are barred in whole or in part because Unifund may pursue the enforcement of such agreement to arbitrate and does not waive the enforcement of such agreement to arbitrate by responding to Plaintiffs' Complaint. Plaintiff's claims, specifically, are subject to a binding arbitration clause that was part of the terms and conditions of the subject credit card agreement. Arbitration covers the claims at issue in this litigation. Plaintiff's use of the credit card was subject to the terms and conditions and, therefore, arbitration is mandatory upon election by either of the parties. Unifund elects to

arbitrate this matter. This Court should stay this matter pending the completion of arbitration.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any alleged false statements and/or misrepresentations by Defendants are not material. Defendants identified an account credit in the field of the state-mandated affidavit reserved specifically for credits and/or payments. That identification did not have any adverse effect on Plaintiff, as to the applicable statute of limitations or otherwise. Moreover, Defendants did not identify any statutory attorney fee in such affidavit, pursue any statutory attorney fee in the underlying litigation, or have a right to such a fee absent order of the court. The prayer of which Plaintiff complains did not have any adverse effect.

### THIRTEENTH AFFIRMATIVE DEFENSE

Unifund is not subject to liability because it acted in good faith in accordance with, and reliance upon, Illinois Supreme Court Rule 280.2. Moreover, any violation of the FDCPA or other law notwithstanding Unifund's process for completing the subject affidavit is a bona fide error. Pursuant to Illinois Supreme Court Order M.R. 3140, entered on August 7, 2019, Unifund's use of the Rule 280.2 Affidavit, and its supporting form, is mandatory. Pursuant to Rule 280.2, Unifund was required to disclose all credits attributable to the account's balance as a whole, including any type of credit to the account. Unifund did so within the parameters of the mandatory disclosure form.

### FOURTEENTH AFFIRMATIVE DEFENSE

In addition to the bona fide error described in the Thirteenth Affirmative Defense, to the extent any violation of law took place, said violation was not intentional and resulted from a bona fide error that occurred notwithstanding the maintenance of procedures reasonably adapted

26

to avoid such error. Defendants intend and attempt at all times to complete the state-mandated affidavit and any prayer for attorney fees in compliance with Illinois law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Unifund reserves the right to amend or add more defenses as necessary.

WHEREFORE, Unifund respectfully requests that this Court:

A.    Dismiss Plaintiff's Complaint with prejudice;

B.    Enter judgment in favor of Unifund and direct Plaintiff to recover nothing from Unifund;

C.    Grant Unifund its attorney fees, expenses and costs pursuant to 15 U.S.C. § 1692k(a); and

D.    Grant to Unifund such other and further relief as this Court deems just and proper.

Respectfully submitted,

By:    /s/*Emily J. Fitzgerald*_____
Counsel for defendant
Unifund CCR, LLC

Joseph P. Kincaid—ARDC No. 6202639
Emily J. Fitzgerald—ARDC No. 6305923
SWANSON, MARTIN & BELL, LLP
330 North Wabash Ave. Suite 3400
Chicago, Illinois 60611
jkincaid@smbtrials.com
efitzgerald@smbtrials.com
Office: (312) 321-9100
Fax:    (312) 321-0990

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 24th day of October, 2019, a true and correct copy of the foregoing was served via CM/ECF filing to the following:

Mario Kris Kasalo
THE LAW OFFICE OF M. KRIS KASALO, LTD
20 North Clark Street, Suite 3100
Chicago, Illinois 60602

Michael Jacob Wood
Celetha Chatman
Community Lawyers Group, Ltd.
20 North Clark Street
Suite 3100
Chicago, IL 60602

*Attorneys for Plaintiff Calvin Choice*

David M Schultz
Brandon S. Stein
Hinshaw & Culbertson LLP
151 North Franklin Street
Suite 2500
Chicago, IL 60606

*Attorneys for Defendant Kohn Law Firm S.C.*

By:  /s/*Emily J. Fitzgerald*_____
Counsel for defendant
Unifund CCR, LLC