**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CALVIN CHOICE, on behalf of himself and all others similarly situated, ) ) ) | | |
| PLAINTIFF, ) ) | Case No. 19-cv-05773 | |
| v. ) ) | Judge Sharon Johnson Coleman | |
| UNIFUND CCR, LLC, and KOHN LAW FIRM S.C. ) ) | Magistrate Judge Jeffrey Cummings | |

**UNIFUND CCR, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)**

Defendant Unifund CCR, LLC ("Unifund"), in support of its Motion to Dismiss Plaintiff Calvin J. Choice's ("Choice's") First Amended Class Action Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) for lack of subject-matter jurisdiction, states as follows.

## I. Introduction

Choice attempts to allege a putative class action under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq. Under recent, clear, and dispositive decisions from the United States Court of Appeals for the Seventh Circuit, this Court must dismiss Choice's claims with prejudice because he lacks standing necessary to establish Article III jurisdiction over this matter. Choice has not pled, and cannot plead, that he suffered concrete and particularized injury-in-fact sufficient for Article III standing. Choice previously admitted that he did not suffer any actual damages, and is not claiming any non-economic damages. Choice's prior admissions and inability to allege a concrete injury preclude this Court from asserting jurisdiction over this matter. Choice's claims should be dismissed for lack of jurisdiction.

## II. Procedural History

Choice filed his initial Complaint on August 27, 2019. [Dkt. 1.] Unifund answered on

October 24, 2019, denying that Choice alleged a concrete, particularized injury. [Dkt. 24.] Unifund further asserted an affirmative defense that Choice's claims are barred because he failed to allege an injury-in-fact sufficient to confer Article III standing and, accordingly, that the Court lacks subject-matter jurisdiction over his claims. On November 24, 2019, Choice responded to the MIDP discovery. Choice did not list actual damages as damages that would be claimed by him in this litigation. On March 4, 2020, Choice responded to Unifund's Requests for Admission and Interrogatories. (Plaintiff's Responses to MIDP, ¶ 5, attached as Exhibit 1.) As detailed below, Choice admitted that he did not incur any actual damages as a result of the claims alleged. (Plaintiff's Responses to MIDP, ¶ 5, attached as Exhibit 1; Plaintiff's Response to Unifund's Discovery – Requests for Admission, ¶¶ 1, 2, and 8 and Interrogatories, ¶¶ 11 and 12, attached hereto as Exhibit 2.) As detailed further below, in December 2020, the Seventh Circuit issued numerous opinions requiring detrimental reliance or actual damages to confer standing. Thereafter, Choice filed his First Amended Class Action Complaint [Dkt. 76] ("Amended Complaint") on January 21, 2021, seeking, among other allegations, to allege facts sufficient to establish standing. Because Choice failed to allege such facts, Unifund submits this Motion to Dismiss in response thereto.

### III. Background

Choice incurred debt on his Citibank credit card and then failed to pay that debt as it became due. [Dkt. 76, ¶¶ 25-26.] Unifund purchased the debt from Citibank and engaged Defendant Kohn Law Firm, S.C. ("Kohn") to collect the debt. [Dkt. 76, ¶¶ 28-30.] Kohn filed a lawsuit against Choice in the Circuit Court of Cook County. [Dkt. 76, ¶ 30.] Choice subsequently filed suit, alleging a putative class action under the FDCPA, against Unifund and Kohn. Choice claims he was injured because the complaint Kohn filed for Unifund in Cook County requested

2

costs and statutory attorney fees in its prayer for relief even though Illinois does not authorize statutory attorney fees for a debt collection claim. [Dkt. 76, ¶¶ 35-38.] Choice claims that an affidavit filed in that same action contradicted the prayer for relief in the complaint because the affidavit stated that Unifund did not request attorney fees. [Dkt. 76, ¶¶ 45-49.]

Notably, Choice admits that he did not incur any actual damages as a result of Unifund's and/or Kohn's acts or omissions. (Plaintiff's Responses to MIDP, ¶ 5, attached as Exhibit 1; Plaintiff's Response to Unifund's Discovery – Requests for Admission, ¶¶ 1 and 2, attached hereto as Exhibit 2.) Specifically, Choice admits that, despite the demand in the complaint filed in Cook County, he did not pay any attorney fees to Unifund or Kohn in connection with the account or the underlying state action. (*Id.,* ¶8.) Additionally, Choice admits that, in this action, he is not claiming actual damages, emotional distress, or other non-economic losses. (Plaintiff's Responses to MIDP, ¶ 5, attached as Exhibit 1; Plaintiff's Response to Unifund's Discovery – Interrogatories, ¶¶ 11 and 12, attached as Exhibit 2.)

## IV. Legal Standard

The requirements to establish standing generally are well-known. Within the last two months, however, the Seventh Circuit clarified those requirements as to cases arising under the FDCPA, significantly narrowing the scope of allegations sufficient to confer standing. *See* Section V below.

Generally, federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375 (377 (1994). Article III of the United States Constitution limits a federal court's jurisdiction to actual causes and controversies brought by litigants with standing. " U.S. Const., Art. III, § 2; *see Groshek v. Time Warner Cable Inc.*, 865 F.3d 884 (7th Cir. 2017). A court must be presented with a judiciable case or controversy for subject-matter jurisdiction to exist.

*Allen v. Wright*, 468 U.S. 737, 750-51 (1984). Article III "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo v. Robins*, 136 S.Ct. 1540, 1547 (2016). Whether a plaintiff can establish standing is an issue of subject-matter jurisdiction. *Id.*

Federal Courts may exercise Article III jurisdiction over a matter only if (1) the plaintiff suffered a concrete and particularized injury-in-fact; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable judicial decision. *Spokeo*, 136 S.Ct. at 1547. *See also* the numerous recent cases addressing such requirements in the context of the FDCPA, including *Larkin v. Finance System of Green Bay, Inc.*, 2020 WL 7332483 (7th Cir. December 14, 2020); *Spuhler v. State Collection Service, Inc.*, 2020 WL 7351098 (7th Cir. December 15, 2020); *Bazile v. Finance System of Green Bay, Inc.*, 2020 WL 7351092l (7th Cir. December 15, 2020); *Gunn v. Thrasher, Buschman & Voelkel, P.C.*, 2020 WL 7350278 (7th Cir. December 15, 2020); *Brunett v. Convergent Outsourcing, Inc.*, 2020 WL 7350277 (7th Cir. December 15, 2020); *Nettles v. Midland Funding LLC*, 2020 WL 7488610 (7th Cir. December 21, 2020).

Accordingly, a plaintiff must show that he suffered "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S.Ct. at 1548 (citations omitted). An injury is particularized if it affects the plaintiff in a personal and individual way. *Id*. A plaintiff does not automatically satisfy the injury-in-fact requirement simply because a statute permits a person to sue on a particular right. *Id*. "Article III standing requires a concrete injury even in the context of a statutory violation." *Id*. at 1549. A "bare procedural violation, divorced from any concrete harm," does not satisfy Article III's requirement that there be an injury-in-fact. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561

(1992).

Establishing federal jurisdiction is an indispensable part of a plaintiff's case. *Id.* Article III standing is jurisdictional and cannot be waived. *Nettles*, 2020 WL 7488610. District courts may properly look beyond the jurisdictional allegations of a complaint and may view any evidence that is submitted to determine whether subject matter jurisdiction exists. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440 (7th Cir. 2009). If a court determines that it lacks subject-matter jurisdiction at any time during the case, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As discussed below, that is the case here.

V. **Choice's Claims Should Be Dismissed Because He Did Not Suffer Any Concrete Injury-In-Fact**

Under the foregoing legal standard, this Court should dismiss Choice's claims because he did not suffer any concrete and particularized injury-in-fact. An injury is particularized if it "affects the plaintiff in a personal and individual way." *Larkin*, 2020 WL 7332483, at *2 (dismissing case for failure to establish standing). The plaintiff must have personally suffered an actual injury or an imminent threat of injury. *Id.* It is insufficient to allege a generalized grievance shared by all members of the public. *Id.* Concrete injuries must actually exist and may be tangible (physical harm or monetary losses) or intangible. *Id.* Bare procedural violations of statutes do not amount to concrete harms. It is "not enough for an FDCPA plaintiff to simply allege a statutory violation; he must allege (and later establish) that the statutory violation harmed him "or presented an appreciable risk of harm to the underlying concrete interest that Congress sought to protect."' *Id.* Choice's Amended Complaint asserts only bare procedural FDCPA violations. Accordingly, the Amended Complaint must be dismissed for lack of jurisdiction.

5

### A. The Seventh Circuit Requires Concrete Injury to Establish Standing Under the FDCPA

Beginning with the *Larkin* opinion issued on December 14, 2020, the Seventh Circuit issued a series of opinions over one week, making clear that a plaintiff cannot establish Article III jurisdiction simply by alleging bare procedural violations of the FDCPA without concrete harm to the plaintiff's detriment. *See, e.g., Larkin v. Fin. Sys. of Green Bay*, 2020 WL 7332483 (7th Cir. Dec. 14, 2020) (rejecting plaintiffs' "procedural/substantive distinction" and holding FDCPA plaintiffs lack standing when they cannot show the challenged collection letter operated "to their detriment.").

The *Larkin* case involved an allegedly confusing dunning letter. *Id.* at *1. The Seventh Circuit granted defendant's motion to dismiss because plaintiffs failed to allege that any confusion arising out of the letters actually caused the consumers to act, or refrain from acting, to their detriment. *Id.* The *Larkin* plaintiffs did not allege that they would have pursued a different course of action were it not for the alleged statutory violations contained within the dunning letters. *Id.* The Seventh Circuit held, therefore, that the plaintiffs lacked standing because they could not establish that a statutory violation alone caused a concrete particularized injury. *Id.*

Multiple decisions followed right away. In *Spuhler v. State Collection Service, Inc.,* 2020 WL 7351098 (7th Cir. December 15, 2020), the plaintiff alleged that a dunning letter violated the FDCPA because it failed to include any statement that interest continued to accrue on the subject debt. The district court granted summary judgment in favor of the consumer. *Id.* at *1. The Seventh Circuit vacated and remanded, holding that the consumer failed to demonstrate a concrete injury required for standing. *Id.* The Seventh Circuit held that a plaintiff demonstrates standing by setting forth specific facts establishing a concrete and particularized injury that is both fairly traceable to the challenged conduct and likely redressable by a judicial decision. *Id.* at *2. The Seventh Circuit

6

held further that the consumers failed to establish actionable concrete injuries related to their claims related to the subject letter. *Id.* The consumers did not show that they managed their debts differently as a result of the letter, or that they would have managed their debts differently had the dunning letters made the disclosures the consumers alleged to be required. *Id.* at *3. Accordingly, the consumers did not meet the standing requirement because they could not establish any changes in their actions related to their debts as a result of the letters. *Id.*

Next, in *Bazile v. Finance System of Green Bay, Inc.*, 2020 WL 7351092 (7th Cir. December 15, 2020), the plaintiff also alleged that a dunning letter violated the FDCPA because it did not include any statement that interest continued to accrue on the debt. The debt collector moved to dismiss pursuant to Rule 12(b)(1) and 12(b)(6). *Id.* at *1. The district court dismissed the action. *Id.*

On appeal, the Seventh Circuit vacated and remanded directing the district court to hold an evidentiary hearing.. *Id.* at *5. The Seventh Circuit held that a plaintiff bringing claims under the FDCPA must do more than allege a statutory violation to establish standing at the pleadings stage. *Id.* at *3. The plaintiff must allege that the statutory violation harmed him or presented an appreciable risk of harm to the underlying concrete interest that Congress sought to protect by enacting the FDCPA. *Id.* Accordingly, the plaintiff must show personal harm. *Id.* Bare procedural violations are insufficient. *Id.* A plaintiff must demonstrate that the alleged miscommunication impaired the plaintiff's ability to use that information for a substantive purpose that the statue envisioned. *Id.*

The Seventh Circuit addressed similar facts in *Gunn v. Thrasher, Buschman & Voelkel, P.C.*, 2020 WL 7350278 (7th Cir. December 15, 2020). Again, the plaintiff alleged that a dunning letter violated the FDCPA because it failed to include any statement that interest continued to

7

accrue on the debt. *Id.* at *1. The district court dismissed the action on the pleadings. *Id.* On appeal, the Seventh Circuit vacated and remanded for dismissal based on lack of jurisdiction, rather than on the substantive allegations underlying the claim, holding that the debtor did not allege a concrete injury and thus did not have Article III standing. *Id.* at *2. The Seventh Circuit held that it was not enough for a debtor to express feelings of annoyance or intimidation in response to a dunning letter when the debtor suffered no adverse actions as a result of the letter. *Id.* Moreover, the *Gunn* plaintiff's infuriation and disgust did not amount to a concrete injury sufficient to establish Article III standing. *Id.* The Seventh Circuit further stated, "Litigation is costly for both the pocketbook and peace of mind. Few people litigate for fun. Yet the Supreme Court has never thought that having one's nose out of joint and one's dander up creates a case or controversy." *Id.*

*Brunett v. Convergent Outsourcing, Inc.*, 2020 WL 7350277 (7th Cir. December 15, 2020), presents a different underlying fact pattern but the same result as to standing. The plaintiff alleged FDCPA violations related to the debt collector stating it would be required to report any release of indebtedness greater than $600 to the IRS. *Id.* at *1. The district court granted summary judgment in favor of the debt collector. *Id.* On appeal, the Seventh Circuit vacated and remanded for dismissal based on lack of jurisdiction, rather than based on the substantive allegations, holding that the consumer failed to establish standing to bring an action. *Id.* at *2.

The plaintiff claimed that the letter caused confusion and was intimidating, but did not tie the confusion or perceived intimidation to any injury. *Id.* The Seventh Circuit determined that the alleged FDCPA violation did not actually affect the consumer's credit or discourage anyone from doing business with her. *Id.* The fact that the consumer's confusion led her to hire a lawyer did not change the court's evaluation. *Id.* The Seventh Circuit reasoned that "even innocuous statements about tax law may lead people to consult counsel…A desire to obtain legal advice is not a reason

8

for universal standing." *Id.* Further, "hiring a lawyer in quest of a judicial answer does not permit a federal court, operating under Article III, to give that answer." *Id.* Accordingly, the court vacated the judgment and remanded the case with instructions for the district court to dismiss for lack of subject-matter jurisdiction. *Id.*

Finally, in *Nettles v. Midland Funding LLC*, 2020 WL 7488610 (7th Cir. December 21, 2020), plaintiff alleged FDCPA violations related to an allegedly confusing dunning letter that overstated the balance due. *Id.* The district court denied a motion to compel arbitration. *Id.* On appeal, the Seventh Circuit vacated and remanded with instructions to dismiss for lack of jurisdiction, holding that the consumer failed to plead an injury sufficient for Article III standing. *Id.* The court emphasized that standing is jurisdictional and cannot be waived. *Id.* Citing to *Larkin*, the court held, "An FDCPA plaintiff must allege a concrete injury regardless of whether the alleged statutory violation is characterized as procedural or substantive." *Id.* (citing *Larkin*, 2020 WL 7332483). The plaintiff claimed that her injury included her annoyance and need to consult with a lawyer. *Id.* Such claims do not amount to a concrete injury. *Id.*

### B. Choice Failed to Plead Injury Required for Standing

Just as in the many cases from the Seventh Circuit described above, Plaintiff Choice cannot establish standing. Choice has not pled, and cannot plead, that he suffered a concrete injury under the legal standard emphasized so clearly by the Seventh Circuit just two months ago. Choice did not plead facts demonstrating how an isolated prayer for statutory attorney fees in the underlying collection complaint, by itself, caused him to suffer a concrete, particularized injury-in-fact. He failed to plead actual damage in his original Complaint, and admitted in response to Unifund's requests that he had not been so damaged. Then, aware of the Seventh Circuit's decisions in December 2020, filed an Amended Complaint in January 2021 that tried unsuccessfully to plead

9

around those decisions in conclusory fashion. Indeed, Plaintiff's allegations of injury can be categorized as follows: (1) he was confused; (2) he was distressed by the state court lawsuit; and (3) he hired an attorney to defend the state court lawsuit. [Dkt. 76, ¶¶ 64, 65, 74.] None of these allegations rises to the requisite level of concrete injury necessary for standing under the case law.

A bare procedural violation alone is insufficient to establish standing, *Spokeo*, 136 S.Ct. at 1547, and Choice's claims of confusion and distress do not constitute the kind of additional harm necessary for standing in the Seventh Circuit. Distress, concern, and worry do not move the needle from procedural violation to concrete injury. *See Brunett*, 2020 WL 7350277, at *2 (labeling a communication with an epithet like confusing does not show that an injury occurred and further posing the rhetorical question that "Talk is cheap, but where's the concrete harm?"). Before becoming concerned about the Seventh Circuit's decisions, Choice admitted that he is not claiming actual damages, or emotional distress or other non-economic losses. (Plaintiff's Response to MIDP, ¶5, attached as Exhibit 1; Plaintiff's Response to Unifund's Discovery – Interrogatories, ¶¶ 11 and 12, attached as Exhibit 2.) His allegations as to distress, confusion, and worry are wholly unsupported and contrary to his own admissions. The law is clear, "the Supreme Court has never thought that having one's nose out of joint and one's dander up creates a case or controversy." *Gunn*, at *2. Choice's claims of confusion and distress are insufficient to establish standing.

Likewise, Choice's claims of injury related to hiring an attorney fail to establish standing. The Seventh Circuit made clear that retaining a lawyer does not establish a concrete injury. *See Nettles*, 2020 WL 7488610; *Brunett*, 2020 WL 7350277. Litigants may wish to consult counsel for a number of reasons. However, "A desire to obtain legal advice is not a reason for universal standing." *Id.* at *2. As discussed above, "hiring a lawyer in quest of a judicial answer does not permit a federal court, operating under Article III, to give that answer." *Id.*

10

In sum, Choice cannot evade the insufficient nature of his pleading, or his admission that he did not suffer any actual damages as a result of Unifund and/or Kohn's acts or omissions. (Plaintiff's Response to Unifund's Discovery – Requests for Admission, ¶¶ 1 and 2, attached as Exhibit 2.) Choice simply did not act to his detriment as a result of the prayer for attorney fees in the state court complaint. He did not allege that he rearranged his finances or that his finances were in any way impacted as a result of the allegedly confusing prayer in the state court complaint. He admitted further that he did not pay any attorney fees to Unifund or Kohn in connection with the account or the prayer in underlying state action. (Plaintiff's Response to Unifund's Discovery – Requests for Admission, ¶8, attached as Exhibit 2.) Choice admitted exactly what defeats standing -- that he took no adverse financial action as a result of the alleged FDCPA violation. Because Choice has not, and cannot, establish that he suffered a concrete or particularized injury, this Court must dismiss his Amended Complaint.

## VI. Conclusion

Choice's allegations of "bare procedural violation, divorced from any concrete harm," do not satisfy Article III's injury-in-fact requirement. *Spokeo*, 136 S.Ct. at 1547. Choice's failure to allege an injury-in-fact renders dismissal appropriate. The Amended Complaint should be dismissed for lack of jurisdiction.

WHEREFORE, Defendant Unifund CCR, LLC respectfully requests that the Court:

A. Enter an order dismissing Plaintiff Calvin J. Choice's First Amended Class Action Complaint for lack of subject-matter jurisdiction;

B. Stay discovery pending the briefing and decision on this motion; and

C. Enter such other further orders as it deems just and appropriate.

          Respectfully submitted,

By:   /s/*Emily J. Fitzgerald*
      Counsel for Defendant
      Unifund CCR, LLC

Joseph P. Kincaid—ARDC No. 6202639
Emily J. Fitzgerald—ARDC No. 6305923
SWANSON, MARTIN & BELL, LLP
330 North Wabash Ave. Suite 3400
Chicago, Illinois 60611
jkincaid@smbtrials.com
efitzgerald@smbtrials.com
Office: (312) 321-9100
Fax:    (312) 321-0990

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 4th day of February, 2021, a true and correct copy of the foregoing was served via CM/ECF filing to the following:

Mario Kris Kasalo
THE LAW OFFICE OF M. KRIS KASALO, LTD
20 North Clark Street, Suite 3100
Chicago, Illinois 60602

Michael Jacob Wood
Celetha Chatman
Community Lawyers Group, Ltd.
20 North Clark Street
Suite 3100
Chicago, IL 60602

*Attorneys for Plaintiff Calvin Choice*

David M. Schultz
Louis Mannetti
Hinshaw & Culbertson LLP
151 North Franklin Street
Suite 2500
Chicago, IL 60606

*Attorneys for Defendant Kohn Law Firm S.C.*

By: /s/*Emily J. Fitzgerald*
Counsel for Defendant
Unifund CCR, LLC

13