IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALVIN J. CHOICE, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>UNIFUND CCR, LLC; KOHN LAW FIRM S.C.,<br><br>Defendants. | Case No. 1:19-cv-05773<br><br>Judge: Sharon Johnson Coleman<br><br>Magistrate Judge: Jeffrey Cummings |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT KOHN LAW FIRM, S.C.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO <u>FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)</u>**

Defendant, Kohn Law Firm S.C., by and through its attorneys, David M. Schultz and Louis J. Manetti, Jr. of Hinshaw & Culbertson LLP, hereby moves pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's amended complaint. In support thereof, Defendant states as follows:

**INTRODUCTION**

Plaintiff Calvin Choice's Fair Debt Collection Practices Act claims rest on two state-court documents—a statutorily-required affidavit and a complaint's prayer for relief. But he does not allege and cannot demonstrate that these state-court filings caused a concrete injury. Under the Seventh Circuit's recent cases stressing the need for an actual injury in these circumstances, the amended complaint fails under Rule 12(b)(1).

The amended complaint also fails to state a claim under Rule 12(b)(6). Choice's counsel has raised the same legal theory that he raises in this case in at least seven other cases in the Northern District of Illinois. Every district court judge in this Circuit to consider the theory has rejected it at the

motion to dismiss stage of the case.[1] A consensus on Plaintiff's claims is quickly building—nothing about the defendant's conduct was false, misleading, or violated the FDCPA. Also, praying for attorneys' fees in a state court complaint does not violate the FDCPA and is ultimately immaterial because Choice actually owed attorneys' fees under the cardmember agreement. Thus, the amended complaint should be dismissed, with prejudice.

## **ALLEGATIONS**

Choice owed a debt under a Citibank credit agreement. (Dkt. No. 76 ¶ 25.) On April 8, 2019, defendant Kohn Law Firm filed a lawsuit in the Circuit Court of Cook County on behalf of Unifund. (Dkt. No. 76-1.) The lawsuit sought the defaulted Citibank debt, and sought in the prayer for relief, among other things, "statutory attorney fees". (Dkt. No. 76-1 at 24.)

As required by Illinois Supreme Court rule, a collection affidavit was attached to the complaint. (*Id.* at 25.) Pursuant to the affidavit template contained in the Article II Forms Appendix, the affidavit listed "additional account information" after charge off, and listed three items that could constitute additional amounts sought after the charge-off date: (1) interest accrued; (2) non-interest charges or fees; and (3) attorney's fees. (*Id.* at 27.) The affiant did not check any of those items, and instead checked the box stating, "No". (*Id.*)

On January 21, 2021, Choice filed an amended complaint. (Dkt. No. 76.) In it, he alleges that the defendants violated the FDCPA because the state court lawsuit sought statutory attorney fees, and seeking that relief contradicted the attached collection affidavit, because the assertions in the affidavit operated as a waiver of all further costs. (*Id.* ¶¶ 45-70.) Choice concluded that the defendants violated

---

[1] The cases are: *Lin v. Portfolio Recovery Associates, LLC*, 19 C 2910, 2020 U.S. Dist. LEXIS 70657 (N.D. Ill. Apr. 22, 2020); *Morris v. Jefferson Capital Systems, LLC*, 20 C 17, 2020 U.S. Dist. LEXIS 117989 (N.D. Ill. July 1, 2020); and *Ruvalcaba v. LVNV Funding, LLC*, No. 20 C 140, 2020 U.S. Dist. LEXIS 137341 (N.D. Ill. Aug. 3, 2020). They are discussed in greater detail in this brief.

sections 1692e and 1692f of the FDCPA because the allegedly conflicting statements were false and misleading, and amounted to an unfair practice. (*Id.*)

## **ARGUMENT**

**1.     Kohn Law Firm joins and adopts Unifund's Rule 12(b)(1) argument about standing.**

In its motion to dismiss, Unifund argued that this Court lacks jurisdiction, and the case should be dismissed under Rule 12(b)(1), because Choice has not pleaded and cannot plead a concrete injury. (Dkt. No. 78.) Kohn Law Firm hereby joins those arguments and adopts them as grounds for dismissal.

**2.     Under Rule 12(b)(6), the amended complaint fails to state a plausible claim because defendants did not make any false statements.**

The amended complaint should also be dismissed because it fails to state a plausible claim. Rule 12(b)(6) states that a defendant may seek dismissal of a claim if the complaint "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must offer more than merely an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted)).

The Seventh Circuit "has recognized at least four instances where dismissal of FDCPA claims on the pleadings is appropriate: (1) a letter is not facially misleading; (2) an alleged false statement is obviously true; (3) a defendant uses clear statutory language; or (4) the misleading statement is immaterial." *Owens v. United Credit Serv.*, No. 19 cv 372, 2020 U.S. Dist. LEXIS 93982, at *3 (W.D. Wis. May 29, 2020) (internal quotations omitted).

   *a.    Choice's claims about the Rule 280.2 affidavit are meritless and numerous courts have dismissed these claims under similar circumstances.*

Choice claims that the defendants violated the FDCPA because they attached a statutorily-required affidavit to a state court lawsuit on a debt that provided, among other things, "additional

3

account information after charge off", and stated that they were not seeking listed items such as interest, non-interest charges or fees, or attorneys' fees after charge off.

Illinois Supreme Court Rule 280.2 requires a plaintiff seeking to collect a credit card debt to attach an affidavit to its complaint in the format specified by the rule. The prescribed format includes pre-defined headings for boxes in which the plaintiff must provide amounts accrued, and payments or credits issued, as of charge-off and after charge-off (if any). A plaintiff lacks discretion to alter the affidavit materially. Here, the affidavit attached to the collection complaint did not indicate any amounts sought after charge-off.

Under similar circumstances, Choice's argument has been soundly rejected by multiple courts. *Lin v. Portfolio Recovery Associates, LLC*, dealt with the same Rule 280.2 affidavit which stated that no amounts were sought after charge-off. 2020 U.S. Dist. LEXIS 70657, at *2-3 (N.D. Ill. Apr. 22, 2020). The plaintiff argued the same legal theory as the one espoused here: that the statement in the affidavit that no amounts were being sought after charge-off made the complaint false, misleading, and unconscionable because the complaint asked for costs in the relief section. *Id.* at *6-7.

The court held that the statements in the complaint and the affidavit were plainly, on their face, not misleading or deceptive. *Id.* at *7. The court held that the unsophisticated consumer would understand that the debt collector was claiming a fixed amount, but would also seek court costs in the case. *Id.* at *7. It further specified that the unsophisticated consumer would be able to distinguish between the claim described in the state-court complaint (including court costs) as compared to the more limited account information (not including court costs). *Id.* at *8. The court recognized that none of the categories listed in that section of the affidavit addressed court costs, and that the affidavit did not allow for the defendants to identify any court cost amount as costs that could only be recovered if the state-court plaintiff prevailed under 735 ILCS 5/5-108. *Id.* at *9. The court reasoned

4

that if the state-court affidavit had stated that additional costs—court costs—were being sought, it would have been redundant and could have itself been an FDCPA violation. *Id.* at *9-10.

Finally, the court held that the plaintiff's section 1692f claim failed because the challenged language was sanctioned by the legislature and judiciary. *Id.* at *13. Thus, the court dismissed the plaintiff's complaint. *Id.*

Lin's counsel—Choice's counsel in this case—moved to reconsider. The court rejected his legal theory a second time, including his reliance on the *Lox* case, and held that "neither the state court complaint nor affidavit imply that the debt collector could do something it was not authorized to do." *Lin v. Portfolio Recovery Associates, LLC*, No. 19-cv-2910, Dkt. No. 76, at *2-3 (N.D. Ill. Nov. 30, 2020).

*Lin's* analysis is finding support in other decisions. The court in *Morris v. Jefferson Capital Systems, LLC* considered the same legal theory—that use of a Rule 280.2 affidavit contradicted a state court lawsuit seeking court costs and therefore violated the FDCPA. 2020 U.S. Dist. LEXIS 117989, at *2 (N.D. Ill. July 1, 2020). The court dismissed the case, expressly adopted *Lin's* reasoning, and concluded that seeking court costs in a state court complaint and "submitting a supporting affidavit for the debt amount that does not mention court costs does not violate the FDCPA." *Id.* at *4-6.

Also, in *Ruvalcaba v. LVNV Funding, LLC*, the court also adopted the *Lin* court's reasoning and succinctly determined: "There is simply nothing misleading about the affidavit. It states in unequivocal terms that no additional charges are sought on the account. The state court complaint also sought no additional charges on the account. Even an unsophisticated consumer can understand the difference between charges on the account and costs of bringing a suit." No. 20 C 140, 2020 U.S. Dist. LEXIS 137341, at *4 (N.D. Ill. Aug. 3, 2020). It similarly concluded that "neither the affidavit nor the complaint is false, deceptive or misleading in any way." *Id.* at *5.

In four separate analyses, then, Choice's legal theory about an Illinois State Supreme Court Rule 280.2 affidavit was flatly rejected—describing account information after charge off is distinct from asking for further amounts via a lawsuit, and the statements are not misleading or contradictory.

It's the same in this case. The affidavit attached to the complaint in the state court lawsuit follows a court requirement: Illinois Supreme Court Rule 280.2. The requirements for the affidavit that must be attached to a complaint in a collection action under to that rule are found in the Article II Forms Appendix of the Illinois Supreme Court Rules. Indeed, the rule itself does not specify any minimum required information other than "substantially adopting the appearance and content of" the form. Ill. S. Ct. R. 280.2(b). This is significant, because in the absence of any articulated types of information listed in the rule, small claims plaintiffs are more reliant on using the template affidavit as drafted to comply. *Cf.* Ill. S. Ct. R. 113(c); Forms Appendix: Article II (listing the three types of minimum information that must be set forth in a Rule 113 affidavit, as well as providing a form affidavit for practitioner use). Choice's argument about the state court affidavit has been consistently rejected and cannot establish an FDCPA violation.

   *B. The statement about "statutory attorney fees" is immaterial because Choice actually owed attorney fees.*

Choice's other claim is that the state court complaint violated the FDCPA because it sought "statutory attorney fees". (Dkt. No. 76 ¶¶ 54-57.) But this language cannot amount to an FDCPA violation because Choice actually owed attorney fees under the cardholder agreement—the presence of the word "statutory" is immaterial. Materiality is an element of any federal claim based on a false or misleading statement. *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) (citing *Carter v. U.S.*, 530 U.S. 255 (2000)). To be actionable a misleading statement must have the ability to influence a consumer's decision. *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 942 (7th Cir. 2011) (citing *Hahn*, 557 F.3d at 757). In *Hahn*, the Seventh Circuit used the example of a collection letter stating, "Remember the tan-colored letter you received from HSBC giving your balance as $1,051.91?

6

From now on you will receive light blue letters from us, and interest will be added to the balance due." *Hahn*, 557 F.3d at 757. The Seventh Circuit rejected the notion that there would be an FDCPA violation if the original letter was gray in color, and not tan. *Id.* The Seventh Circuit concluded in *Hahn* that "the difference between principal and interest is no more important to the Fair Debt Collection Practices Act than the color of the paper that HSBC used. *A dollar due is a dollar due.*" *Id.* (emphasis added).

The same reasoning applies here. The cardholder agreement allowed specified that "you will be liable for any reasonable attorney's fees we incur, plus the costs and expenses of any legal action, to the extent permitted by law", and Illinois allows attorneys' fees permitted by contract. (Ex. A.)[2] To slightly rephrase *Hahn's* conclusion, being liable for attorneys' fees is being liable for attorneys' fees—regardless of how those fees are authorized. Indeed, Choice's declaration that "Plaintiff thought he owed much more than the amount stated in the State Complaint due to Defendants' misrepresentation regarding attorney fees" (Dkt. No. 76 ¶ 65) demonstrates that the purported falsehood was immaterial. Choice was, in fact, liable for attorneys' fees. So using the phrase "statutory attorney fees" could not have impacted his decision.

Moreover, the language about "statutory attorney fees" was a prayer for relief in a state court complaint that should not be litigated in this case. The Seventh Circuit has ruled that "The FDCPA is not an enforcement mechanism for matters governed elsewhere by state and federal law." *Bentrud v. Bowman*, 794 F.3d 871, 875 (7th Cir. 2015) (citing *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC,* 480 F.3d 470, 474 (7th Cir. 2007)). Choice essentially claims that the defendants violated the FDCPA by

---

[2] Kohn can rely on the cardmember agreement in support of its motion to dismiss because the agreement is central to Choice's claim and referenced in his amended complaint. *See, e.g., Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, (7th Cir. 2012) (stating that "in deciding a Rule 12(b)(6) motion, a court may consider 'documents attached to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to his claim.'").

7

taking actions in Illinois state court required by Illinois law. This theory is plainly within the scope of claims that *Bentrud* and *Beler* prevents a plaintiff from asserting.

Notably, Choice did not raise these state court procedural issues in the state court lawsuit. If Kohn was seeking supposedly improper relief, or the complaint contained a patently false statement, then surely Choice could have filed a motion to dismiss, or another motion to alert the court to or seek relief from the requested relief by Kohn that he believed to be improper.

The above scenario is instructive to the Court because it is in line with the considerations from *Bentrud* and *Beler. See Bentrud,* 794 F.3d at 876 ("tellingly, however, [plaintiff] did not complain when [the complained of action] was first imposed" by the state court). Like in *Bentrud,* Choice did not take any action to address the supposed issue in the state court case. Rather, he has taken to the federal courts for relief. Choice appears to be trying to "bootstrap § 1692f to 'enforce other legal rules'" and to seek attorneys' fees. *Beler*, 480 F.3d at 473; s*ee also Lauber*, 2017 U.S. Dist. LEXIS 153579 at *2-4 (a plaintiff claimed that the defendant violated the FDCPA by utilizing a citation to discover assets in a state court lawsuit, and the court cited *Bentrud* and *Beler* and dismissed the claim because § 1692f does not apply to legislatively and judicially sanctioned actions, and the defendant there took an action in a state court lawsuit that was required or sanctioned by the Illinois state legislature or Illinois courts).

In sum, alleged anomalies in Illinois state court procedure and practice can be and should be handled by Illinois courts.

Despite the opportunity to file an amended pleading, Choice has failed to articulate a concrete injury, and lacks standing as a result. But even if he could allege sufficient injury, he fails to state a plausible claim because the Rule 280.2 affidavit was plainly not false or misleading, and he actually owed attorneys' fees. Thus, the amended complaint should be dismissed with prejudice.

WHEREFORE, Defendant, Kohn Law Firm, S.C., respectfully requests that the Court dismiss the Amended Complaint in its entirety, with prejudice, enter judgment in favor of Defendant

8

on Plaintiff's Amended Complaint, and grant such other and further relief in its favor as the Court deems just and proper.

Respectfully submitted,

KOHN LAW FIRM, S.C.,

*/s/ Louis J. Manetti, Jr.*
Louis J. Manetti, Jr.

David M. Schultz
Louis J. Manetti, Jr.
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Email: dschultz@hinshawlaw.com
       lmanetti@hinshawlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2021, I electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, the foregoing **Memorandum of Law in Support of Motion to Dismiss Plaintiff's Amended Complaint** by using the CM/ECF system, which will be sent to all Counsel of Record via the Court's electronic filing system.

HINSHAW & CULBERTSON LLP

By: s/ Louis J. Manetti, Jr.
     Louis J. Manetti, Jr.