UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALVIN J. CHOICE, on behalf of himself and all others similarly situated )<br>)<br>) | |
| ) | Case No. 19-cv-5773 |
| Plaintiff, )<br>) | |
| ) | Judge Sharon Johnson Coleman |
| v. )<br>) | |
| UNIFUND CCR, LLC, and KOHN LAW FIRM S.C., )<br>)<br>) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This case arises from plaintiff Calvin Choice's failure to pay debt owed to his bank, Citibank, and the resulting actions by defendants Unifund CCR, LLC ("Unifund") and Kohn Law Firm S.C. ("Kohn") to try to recover the debt. Before the Court are defendants' separate motions to dismiss [78] and [79] for lack of jurisdiction and failure to state a claim. For the reasons set forth below, both motions are granted.

I. Background

Plaintiff incurred debt from charges to his Citibank consumer credit account that he failed to pay. After defaulting on the debt, Unifund purchased the debt and hired Kohn to collect it. Kohn sued the plaintiff in Cook County for the debt ($3,098.44), costs, and statutory attorney's fees. Unifund also sought attorney's fees from the plaintiff. In an affidavit attached to the Cook County complaint, however, Unifund and Kohn indicated they were not seeking attorney's fees. Plaintiff became confused about whether he owed attorney's fees and hired counsel to advise him. In fact, the statute under which Kohn sued in Cook County did not authorize attorney fees and plaintiff's counsel informed him of such. An arbitration award in the Cook County action did not assess attorney's fees, meaning plaintiff has not paid or been ordered to pay defendants' attorney's fees.

1

Plaintiff filed this putative class action lawsuit under the Fair Debt Collection Practices Act ("FDCPA"), alleging that defendants' misrepresentation about attorney's fees harmed him because plaintiff was deprived of truthful information that may have led to him deciding to pay the debt rather than litigating. Defendants bring separate motions to dismiss for lack of standing and Kohn adds a failure to state a claim argument.

**II.     Legal Standard**

The ability of federal courts to hear cases stems from the Article III of the Constitution, which allows them to resolve "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. Accordingly, a threshold requirement for bringing a case in federal court is standing. To establish standing, "a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thole v. U.S. Bank N.A.,* ––– U.S. –––, 140 S. Ct. 1615, 1618, 207 L.Ed.2d 85 (2020); *see also Spokeo, Inc. v. Robins*, ––– U.S. –––, 136 S. Ct. 1540, 1547, 194 L.Ed.2d 635 (2016). At the pleading stage, the court must determine whether the complaint clearly alleges facts demonstrating each required element. *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1064 (7th Cir. 2020) (internal citations omitted).

**III.    Analysis**

The parties dispute the first element of standing: that plaintiff suffered an injury in fact that is concrete, particularized, and actual or imminent. Defendant argues that plaintiff cannot satisfy this element because bare procedural violations of the FDCPA do not constitute a concrete harm. Plaintiff argues that he suffered concrete harm because, relying on defendants' assertions that plaintiff would owe attorney fees, plaintiff became confused and thought it would be better to litigate rather than pay the alleged debt. Plaintiff claims that if he had known defendants could not

seek attorney fees from him, he would have paid the debt instead. Plaintiff also claims that he suffered actual damages of lost sleep from the emotional distress caused by defendants' actions.

Plaintiff's complaint stems from confusion over whether he could be liable for statutory attorney's fees in the Cook County case. Confusion alone cannot establish standing; a plaintiff must allege that he took some detrimental step because of the confusion. *See, e.g., Smith v. GC Servs. Ltd. P'ship*, 986 F.3d 708, 710 (7th Cir. 2021); *see also Pennell v. Glob. Tr. Mgmt., LLC,* 990 F.3d 1041, 1045 (7th Cir. 2021). One such detrimental step could be paying something that is not owed. *Smith*, 986 F.3d at 710. For example, plaintiff would have standing if his confusion led to paying statutory attorney's fees that were not owed. But plaintiff did not actually pay the attorney's fees and instead alleges that the confusion caused him to take the detrimental step of hiring a lawyer. This circuit is clear that hiring a lawyer cannot establish standing. *See Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1069 (7th Cir. 2020) (stating that "[a] desire to obtain legal advice is not a reason for universal standing"). Accordingly, plaintiff's claim of harm based on his retention of counsel fails.

Plaintiff also claims that he suffered concrete harm in the form of lost sleep. The Seventh Circuit has held that "stress by itself with no physical manifestations and no qualified medical diagnosis [does not] amount to a concrete harm." *Pennell*, 990 F.3d at 1045; *see also United States v. All Funds on Deposit with R.J. O'Brien & Assocs.*, 783 F.3d 607, 616 (7th Cir. 2015) (noting that "purely psychological harm" does not establish standing). This Court finds that the same reasoning applies to a claim of lost sleep. As pure psychological harm, sleep deprivation caused by worry alone cannot establish standing. Since plaintiff's only other claim of harm is hiring counsel and the Court has held that such harm does not establish standing, plaintiff has failed to allege an injury in fact.

Plaintiff argues that an appreciable *risk* of harm, not only an actual harm, is enough to constitute standing. Specifically, plaintiff claims that defendants' actions increased the risk of harm to plaintiff by leading the plaintiff to pay fees that were not owed. This claim does not sway the

3

Court to rule any differently. Plaintiff essentially argues that he has standing because defendants' claims in state court for attorney's fees could have led him to pay such fees. This argument implies a complete distrust in the court system; plaintiff assumes the state court would have completely disregarded the law and forced him to pay fees that were not owed. The risk of a court forcing plaintiff to pay attorney's fees was incredibly minimal, the arbitrator in the state court case correctly refused to award attorney's fees, and plaintiff admitted in discovery that he did not actually pay any attorney's fees.

To summarize, "plaintiff[] seek[s] to invoke the power of the federal courts to litigate an alleged FDCPA violation that did not injure them in any concrete way, tangible or intangible." *Larkin*, 982 F.3d at 1066-1067. This is impermissible. *Id.* Further, plaintiff admitted in discovery that he did not suffer any actual damages. Dkt. 78-2, Plaintiff's Responses to Defendant's Requests for Admission, pg. 8. Plaintiff's admission that he did not suffer actual harm and failure to allege or argue any legitimate actual harm doom his complaint.

### IV. Conclusion

The Court does not have subject matter jurisdiction over this case. Defendants' motions to dismiss [78] and [79] for lack of standing are granted. **IT IS SO ORDERED**.

Date: June 11, 2021       Entered: _____
                                    SHARON JOHNSON COLEMAN
                                    United States District Court Judge

4